Form G5 (20200713_bko)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number:  21-04729 |
| | ) | (Jointly Administered) |
| Crave Brands, LLC | ) | Chapter:  11 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtor(s) | ) | |

## INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING FINAL HEARING; AND (IV) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion") of Crave Brands, LLC( ("Crave") and Meathead Restaurants, LLC ("Meathead") (Crave and Meathead shall coactively be referred to as the  "Debtors"), pursuant to sections 105(A), 361, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), requesting entry of interim and final orders: (i) authorizing the use of Cash Collateral) by the Debtor; (ii) granting adequate protection to LQD Business Financial Corp. ("LQD"); (iii) scheduling a Final Hearing; and (iv) granting other related relief as necessary, and upon all of the pleadings filed with the Court, due notice having been provided and after due deliberation and consideration and good and sufficient cause appearing therefor,
IT APPEARING TO THE COURT THAT:

A. Petition Date. On April 9, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Subchapter V of chapter 11 of the Bankruptcy Code. The Debtors are continuing in the management and possession of its business and properties as a debtor-in-possession pursuant to section 1182(2) of the Bankruptcy Code.

B. Subchapter V Trustee.  Matthew Brash has been appointed the Subchapter V Trustee.

C. Jurisdiction; Core Proceeding; Venue. This Court has jurisdiction over the Chapter 11 Cases, this proceeding, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Notice. Debtors represent that notice of the relief sought by the Motion and the Interim Hearing was sent via electronic mail and/or overnight mail on April 12, 2021, to the following parties-in-interest:  (a) William J. Factor, Esq., counsel for LQD Financial Corp. 150 W. Madison Street, Suite 1500, Chicago, IL 60602, (b) Gretchen Silver, Trial Attorney, Office of the United States Trustee, 219 S. Dearborn Street, Room 873, Chicago, IL 60604, (c) Matthew Brash, Newpoint Advisors Corporation, 1320 Tower Road, Schaumburg, IL 60173, (d) Bob Handler, Commercial Recovery Associates, LLC, 205 W. Wacker Drive, Suite 918, Chicago, IL 60606, and (e) those creditors appearing on the List of 20 Largest Unsecured Creditors filed in the Debtors' cases, and (f) LQD Financial Corp., 370 Carpenter St., Chicago, IL 60607 (collectively, the "Notice Parties"). The Court concludes that the foregoing notice was sufficient and adequate under the circumstances set forth herein and presented to this Court, and complies with the provisions of sections 361 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, Local Rule 4001-2, and any other applicable law, and no further notice prior to

entry of the Interim Order is necessary or required

       E. Need for Use of Cash Collateral. An immediate and critical need exists for the Debtors to use the Cash Collateral, consistent with the Cash Budget and the terms of this Interim Order. Absent entry of this Interim Order, the Debtor's estate and reorganization effort will be immediately and irreparably harmed.

       F. LQD Loan Documents.  On February 22, 2019,  the Debtors, as borrowers, together with certain other non-debtors, and LQD Business Finance Loan Company, which on information and belief was assigned to LQD Financial Corp., as lender (the "Lender"), executed that certain Loan Agreement (as thereafter amended, the "Loan Agreement") pursuant to which the Lender agreed to loan funds and extend financial accommodations to the Debtors and certain other non-debtor borrowers (the borrowers under the Loan Agreement shall collectively be referred to as the "Borrowers").

G. Collateral.  To secure the Obligations (as defined in the Loan Agreement), each of the Borrowers granted to the Lender a security interest in the "Collateral" (as defined in the Loan Agreement).  To further secure the Obligations under the Loan Agreement, certain of the Borrowers pledged to the Lender the "Pledged Stock" (as defined in the Loan Agreement"). While the Loan Agreement uses the term "Pledged Stock", in fact the assts pledged were member interests in various limited liability companies. This motion nevertheless uses the term "Pledged Stock" for the sake of consistency.

H. Cash Collateral. Certain of the Collateral constitutes "cash collateral" within the meaning of Section 363(a) of the Bankruptcy Code including, all cash and cash equivalents and the proceeds of the sale of the Meatheads' inventory (collectively, the "Cash Collateral").   Crave does not own any inventory or operating assets.

I. LQD Indebtedness.  The indebtedness described in the Loan Agreement matured on March 31, 2021. As of the Petition Date, the balance due to the Lender is $6,650,000.00 in principal plus accrued interest at the rate of 17% per annum (the "LQD Indebtedness").

J. Financing Statements. The Lender filed UCC-1 financing statements with the Delaware Secretary of State's Office against the Debtors.

K. PPP Loans.  In 2020, Meathead received a total of $982,112 in a Paycheck Protection Program loan from Fifth Third Bank ("PPP-1 Loan").  Meathead used the PPP-1 Loan proceeds to pay authorized expenses throughout 2020.  Meathead has applied for forgiveness of the PPP-1 Loan and expects a favorable response in the coming weeks.In 2021, Meathead received a total of $1,438,844.00 in Paycheck Protection Program Second Draw loans from Fifth Third Bank ("PPP-2 Loan").  Meathead deposited the PPP-2 Loan in an account at Chase Bank.  The Debtor asserts that Lender does not hold a lien or security interest in the Chase Account or the funds located therein.  In order to preserve the future forgivability of the PPP-2 Loan, Meathead must abide by PPP-2 limitations on permissible uses for the funds.

L. ERC.  On or about March 4, 2021, Meathead submitted the appropriate paperwork for payment of an Employee Retention Credit ("ERC").  The ERC is authorized by Section 2301 of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), as thereafter amended. Upon information and belief, Meathead will receive a ERC payment of slightly under $700,000 on or about June 1, 2021.  To the fullest extent permitted by the CARES Act, the Debtors intend to pay immediately the ERC to FQD as soon as possible as after receipt for application to the principal amount of the LQD Indebtedness.

M. EIDL Loan. In 2020, Meathead also received a COVID-19 Economic Injury Disaster Loan from the U.S. Small Business Administration (the "EIDL Loan") in the amount of $149,500.  This is an unsecured loan with a 20 year term that bears interest at 1 percent per annum.  Upon information and belief, at the present time, the law does not permit the EIDL Loan to be forgiven.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Authorization to Use Cash Collateral. The Debtors are hereby authorized to use the Cash Collateral for the period of time provided for in the cash collateral budget attached hereto as Exhibit A (as such budget may be extended, varied, supplemented, or otherwise modified in accordance with the terms of

this Interim Order, the "Budget") prepared by the Debtors.

2. Adequate Protection.

(a) Proceeds of Prepetition Collateral. To the extent provided by section 552 of the Bankruptcy Code, LQD is hereby granted replacement liens and security interests in the Debtor's post-petition proceeds, products, offspring, or profits of the Prepetition Collateral (as defined herein). The liens described in this paragraph shall be included in the term Adequate Protection Liens (as defined herein).

(b) Replacement Liens. In addition to all existing security interests and liens granted to and held by LQD in and to the Prepetition Collateral (as defined herein), as further adequate protection for the Debtor's use of the Cash Collateral on the terms and conditions of this Interim Order, but only to secure an amount equal to the Collateral Diminution (as hereinafter defined), the Debtor hereby grants to LQD pursuant to sections 361(2) and 363(e) of the Code, automatically and retroactively effective as of the Petition Date, valid, binding, and properly perfected first-position post-petition security interests and replacement liens (subject only to liens that are valid, properly perfected (before the Petition Date or in accordance with section 546 of the Bankruptcy Code), non-avoidable, and senior in priority as a matter of law to the Prepetition Collateral) on the presently owned and hereafter-acquired Prepetition Collateral (the "Adequate  Protection Liens"). As used in this Interim Order, the following terms shall have the following meanings:

i. "Collateral Diminution" shall mean an amount equal to the aggregate diminution of the value of LQD's interest in the Prepetition Collateral from and after the Petition Date, for any reason including, without limitation, depreciation, sale, loss, or use of the Prepetition Collateral, including the Cash Collateral, whether in accordance with the terms and conditions of this Interim Order or otherwise;

ii. "Prepetition Collateral" shall mean property of the Debtor's estate that, whether existing pre-petition or acquired post-petition, of the same type, kind, and nature as the property (as set forth in Paragraph 3 (a) of this Order), that are subject to security interests or liens held by LQD and shall include all post-petition proceeds thereof.

(c) Payments. As further adequate protection to LQD, the Debtor shall make the following payments to LQD pursuant to this Interim Order: to the fullest extent permitted by the CARES Act, the Debtors intend to pay immediately the ERC to Lender as soon as possible as after receipt for application to the principal amount of the LQD Indebtedness.

3. Perfection of Liens. The Adequate Protection Liens shall be, and hereby are, deemed duly perfected and recorded under all applicable federal or state or other laws as of the date hereof, and no notice or other act, shall be required to constitute such perfection.

4. Carve-Out. Subject to the remaining provisions of this Interim Order, LQD's liens on and security interests in the Collateral, shall be subordinate and subject only to any unpaid fees payable to the Clerk of this Court or the U.S. Trustee and any payments made on account of professional fees to Debtor's counsel or the Subchapter V Trustee (only to the extent set forth in the Budget).

5. No Waiver. The rights and obligations of the Debtors and the rights, claims, liens, security interests, and priorities of LQD arising under this Interim Order are in addition to, and not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests, and priorities granted by the Debtors under any prepetition financing documents. Nothing contained in this Order shall be construed as a waiver of the rights of LQD under 11 U.S.C. §507(b) in the event the terms and conditions of this Order prove insufficient to adequately protect LQD's interests.

6. Insurance. The Debtors shall at all times maintain insurance coverage on all of the assets of the bankruptcy estate which shall name LQD as additional insured and loss payee and shall provide LQD ongoing evidence that insurance is in place in an amount sufficient to cover the replacement value of the Debtors' assets.

7. Effect of Modification of Order. The Debtors may seek to modify or amend the Budget, with the advance written consent of LQD, with or without Court approval. The Debtors shall promptly provide a copy of the modified Budget to the Subchapter V Trustee. If any of the provisions of this Interim Order

are hereafter modified, vacated, or stayed by subsequent order of this or any other Court, such stay, modification, or vacatur shall not affect the validity of any prepetition obligations outstanding immediately prior to the effective time of such stay, modification, or vacation, or the validity and enforceability of any lien, priority, right, privilege or benefit authorized hereby with respect to any such prepetition obligations.

8. No Third-Party Rights. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any other direct, indirect, or incidental beneficiary.

9. Trustee. Except as expressly provided, the provisions of this Order shall be binding upon and inure to the benefit of LQD and the Debtor, their respective successors and assigns and all parties in interest (excluding any subsequently appointed trustee).

10. Jurisdiction.  This court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11. Waiver of Bankruptcy Rule 6004. The requirements of Bankruptcy Rules 6004(a) and b) are hereby waived.

12. Order Effective. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective as of the date of signature by the court. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

13. Termination. Unless extended further with prior written consent of LQD, the authorization to use Cash Collateral under this Interim Order will terminate upon the earlier of (i) the expiration of the approved Budget; (ii) the date upon which the Debtors are no longer debtors in possession in the bankruptcy cases (iii) the filing of any motion or stipulation to which the Debtors are party requesting dismissal or conversion of the Debtors' bankruptcy cases, or (iv) for failure of the Debtors to comply with any provision of this Order, including the expenditure restrictions set forth above (collectively the "Termination Events"), provided however, that LQD shall provide written notice of any such Termination Event via email to Debtors' counsel and to the Subchapter 5 Trustee and the Debtors shall have three business days to cure any Termination Event without further penalty.

14. Notice of Final Hearing. The Final Hearing on entry of a final order (the "Final Order") authorizing the use of Cash Collateral will be held on _____, 2021 at _____ (the "Final Hearing"). The Debtors shall serve by United States mail, first class postage prepaid, copies of this Interim Order to the Notice Parties within two days of the entry of this Interim Order. Any objection to the continued use of Cash Collateral shall be filed via written objection with the Court no later than two days prior to the Final Hearing (the "Objection Deadline") and served on. (a) David A. Warfield, Thompson Coburn LLP, counsel for the Debtors, One U.S. Bank Plaza, Suite 2600, St. Louis, Missouri 63101; (b) William J. Factor, Esq., counsel for LQD Financial Corp. 105 W. Madison Street, Suite 1500, Chicago, IL 60602,, (c) Gretchen Silver, Trial Attorney, Office of the United States Trustee, 219 S. Dearborn Street, Room 873, Chicago, IL 60604, (c) Matthew Brash, Newpoint Advisors Corporation, 1320 Tower Road, Schaumburg, IL 60173, (e) Bob Handler, Commercial Recovery Associates, LLC, 205 W. Wacker Drive, Suite 918, Chicago, IL 60606, (f) those creditors appearing on the List of 20 Largest Unsecured Creditors filed in the Debtors' cases, and (g) LQD Financial Corp., 370 Carpenter St., Chicago, IL 60607, (h) the Internal Revenue Service; and (i) state and local taxing agencies.

Enter:


Timothy A. Barnes

United States Bankruptcy Judge

Dated:

**Prepared by:**
Lauren Newman, Esq.  (IL Bar No. 6188355)

Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 580-2328
Fax: (312) 580-2201
lnewman@thompsoncoburn.com

David A. Warfield
Thompson Coburn LLP
One U.S. Bank Plaza, Suite 2700
St. Louis, Missouri 63101
Telephone: (314) 552-6079
Fax: (314) 552-7000
dwarfield@thompsoncoburn.com

Proposed Counsel for Debtors