**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Crave Brands LLC, and** | Bankruptcy Nos. 21-04729 & 21-04731 |
| **Meathead Restaurants, LLC,** | Honorable Timothy A. Barnes |
| Debtors. | |

**AGREED ORDER GRANTING THE DEBTOR'S MOTION**
**FOR ENTRY OF INTERIM ORDER AUTHORIZING USE**
**OF CASH COLLATERAL**

Upon consideration of the Debtor's Motion to Use Cash Collateral and to Provide Adequate Protection (the "CCO Motion") filed Crave Brands LLC and Meathead Restaurants LLC (the "Debtors") as debtor and debtor in possession in the captioned chapter 11 proceeding, pursuant to §§ 105, 361, 363, 503, and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-2, which Motion seeks authority for the Debtor to use cash collateral in which LQD Financial Corp ("LQD") claims an interest;[1]

**THE PARTIES HAVE STIPULATED TO THE FOLLOWING:**

A. **Petition Date**. On April 9, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Subchapter V of chapter 11 of the Bankruptcy Code. The Debtors are continuing in the management and possession of their business and properties as a debtor-in-possession pursuant to section 1182(2) of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein or in the Bankruptcy Code shall have the meaning ascribed thereto in the Motion.

B.  **Subchapter V Trustee**. Matthew Brash has been appointed the Subchapter V Trustee.

C.  **Notice**. Debtors represent that notice of the relief sought by the Motion and the Interim Hearing was sent via electronic mail and/or overnight mail on April 12, 2021, to the following parties-in-interest: (a) William J. Factor, Esq., counsel for LQD Financial Corp. 150 W. Madison Street, Suite 1500, Chicago, IL 60602, (b) Gretchen Silver, Trial Attorney, Office of the United States Trustee, 219 S. Dearborn Street, Room 873, Chicago, IL 60604, (c) Matthew Brash, Newpoint Advisors Corporation, 1320 Tower Road, Schaumburg, IL 60173, (d) Bob Handler, Commercial Recovery Associates, LLC, 205 W. Wacker Drive, Suite 918, Chicago, IL 60606, and (e) those creditors appearing on the List of 20 Largest Unsecured Creditors filed in the Debtors' cases, and (f) LQD Financial Corp., 370 Carpenter St., Chicago, IL 60607 (collectively, the "Notice Parties").

D.  **LQD Indebtedness**. The Debtors stipulate that (a) the indebtedness described in the loan agreements executed by and between LQD and the Debtors matured on March 31, 2021 and (b) as of the Petition Date, the balance due to LQD is not less than $6,550,000.00 in principal plus accrued interest at the rate of 17% per annum (the "LQD Indebtedness").

**BASED UPON THE FOREGOING, THE COURT'S REVIEW OF THE MOTION AND THE STATEMENTS OF COUNSEL, THE COURT DOES HEREBY ORDER AND ADJUDGE THAT:**

1.  Notice of the motion for use of cash collateral was sufficient and adequate under the circumstances set forth herein and presented to this Court, and complies with the provisions of sections 361 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, Local Rule 4001-2, and any other applicable law, and no further notice prior to entry of the Interim Order is necessary or required.

2. **Need for Use of Cash**. The Debtors have established a need for use of cash collateral consistent with the cash budget and the terms of this Interim Order. Absent entry of this Interim Order, the Debtor's estate and reorganization effort will be immediately and irreparably harmed.

3. **Authorization to Use Cash Collateral**. From the date hereof through and including May 14, 2021, and subject to the terms and conditions of this Order, the Debtors may use cash collateral to pay actual, ordinary, and necessary expenses, in accordance with the budget appended hereto as Exhibit 1 (the "Budget"), subject to a weekly variance of 10% on a line item basis. Notwithstanding the Budget, such amounts include wages and related payroll obligations earned within 14 days of the Petition Date but not paid as of the petition date; with such pre-petition amounts subject to the priority wage cap under 11 U.S.C. §§ 507(a)(4) and (5).

4. **Replacement Liens**. LQD is hereby granted replacement liens and security interests on the Debtors' property and assets, of any kind or nature whatsoever, whether now owned or hereafter acquired by the Debtors, including all proceeds, products, rents and/or profits thereof, to the same extent, validity and priority as LQD's pre-petition liens and security interests, with any such liens and security interests automatically perfected without further action. The replacement liens shall be in an amount equal to the aggregate post-petition cash collateral used. The protections and benefits provided in this order are not necessarily adequate protection within the meaning of § 361 of the Bankruptcy Code and LQD's rights to request and, if appropriate, obtain additional adequate protection are preserved. In addition to the foregoing, the Debtor shall pay to LQD as soon as possible after receipt the Employee Retention Credit for application to the principal amount of the LQD Indebtedness.

5. **Section 507 Priority Claim**. In addition to the replacement liens granted, LQD is hereby granted a super-priority administrative claim under

Sections 503(b)(1), 507(a), and 507(b) of the Bankruptcy Code (the "507(b) Claim") for the amount by which the replacement lien proves to be inadequate and LQD shall have all the rights accorded to it pursuant to Section 507(b) of the Code. Such 507(b) Claim shall have priority over all other costs and expenses of the kind specified in or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b) or 726 of the Bankruptcy Code except for the fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930; or the fees and expenses of the Clerk of this Court.

6. **Daily Reporting**. In addition to all other reporting the Debtors provided to LQD prior to the Petition Date, Debtors will provide to LQD and Matthew Brash on a daily basis a report in detail reasonably acceptable to LQD and Matthew Brash reflecting (i) Debtors' revenue and disbursements, (ii) Debtors' compliance with the Budget on a line-item-by-line-item basis, in each case for the prior day and on a cumulative basis since the petition date, and (iii) the daily bank balances in all accounts.

7. **Prohibition Against Use of Cash Collateral**. Debtors will not use any Cash Collateral, unless, in addition to the satisfaction of all requirements of Code § 363, LQD has consented to such use.

8. **Reservation of Rights.** The entry of this Order and LQD's consent to the terms hereof is without prejudice to, and shall not adversely impact, LQD's entitlement, if any, to the relief LQD is seeking in Dkt Nos. 19 and 22 and designated as LQD's Motion to Dismiss under §§ 305 and 1112(b) and/or Stay Relief (the "Motion to Dismiss"). Subject to further order of the Court, the agreement of the Debtors and/or the resolution of the Motion to Dismiss, Steve Karfaridis is the manager of Crave Brands and Robert Handler shall not be responsible for the management of the Debtors or Debtors-in-Possession.

9. **No Intent to Effect Borrower Obligations**. LQD and Debtors intend that each entity that is a borrower under the loan documents between LQD and the Debtors and all related security documents shall remain in full force and effect notwithstanding the entry of this Order, and any subsequent orders amending this Order or otherwise providing for the use of Cash Collateral consented to by LQD pursuant to Code § 363. Each such borrower shall remain liable for the LQD Indebtedness, subject to any claims or defenses any such borrower may raise as a result of events other than the entry of this Order or that take place in these bankruptcy proceedings.

10. **Insurance**. The Debtors shall maintain insurance of the kind covering their property including, without limitation, life, fire, hazard, comprehensive, public liability, and workmen's compensation as may be currently in effect.

11. **Bank Accounts.** Except for the PPP Funds that shall remain at Chase, the Debtors shall deposit and retain all cash in their existing accounts at Fifth Third Bank. Before using any funds in which LQD claims an interest, the Debtors shall transfer PPP Funds from Chase to Fifth Third to funds the items on the Budget that represent approved expenses under the PPP program; it being agreed that the PPP Funds shall be expended for approved expenses (e.g., rent and payroll) prior to any cash collateral.

12. **Waiver of Bankruptcy Rule 6004**. The requirements of Bankruptcy Rules 6004(a) and (b) are hereby waived. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective as of the date of signature by the court. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

13. **Termination Date**. Unless extended further with prior written consent of LQD, the authorization to use cash collateral under this Interim Order will terminate upon the earlier of (i) the expiration of the approved Budget; (ii) the date

upon which the Debtors are no longer debtors in possession in the bankruptcy cases (iii) the filing of any motion or stipulation to which the Debtors are party requesting dismissal or conversion of the Debtors' bankruptcy cases, or (iv) for failure of the Debtors to comply with any provision of this Order, including the expenditure restrictions or the revenue projections set forth in the Budget (subject to a 10% variance) (collectively the "Termination Events"), provided however, that LQD shall provide written notice of any such Termination Event via email to Debtors' counsel and to the Subchapter V Trustee and the Debtors shall have three business days to cure any Termination Event without further penalty

14. **Further Hearing**. This matter is set for a further hearing on the Debtor's use of cash collateral on April 27, 2021, at 4:00 p.m.

Dated: April 14, 2021

ENTER:

_____.
United States Bankruptcy Judge

AGREED

Meathead Restaurant LLC

LQD Financial Corp.

By: /s/ David Warfield

By: /s/ William J. Factor

Crave Brands LLC

Matthew Brash, Subchapter V Trustee

By: /s/ David Warfield

By: Matthew Brash



**Meathead Restaurant, LLC - Cash Flow Projection**

| | Source | Monday 4/12/2021 | Tuesday 4/13/2021 | Wednesday 4/14/2021 | Thursday 4/15/2021 | Friday 4/16/2021 | Monday 4/19/2021 | Tuesday 4/20/2021 | Wednesday 4/21/2021 | Thursday 4/22/2021 | Friday 4/23/2021 | Monday 4/26/2021 | Tuesday 4/27/2021 | Wednesday 4/28/2021 | Thursday 4/29/2021 | Friday 4/30/2021 | Monday 5/3/2021 | Tuesday 5/4/2021 | Wednesday 5/5/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Daily Balance** | | $1,524,345 | $1,625,109 | $1,651,226 | $1,661,540 | $1,683,983 | $1,737,956 | $1,690,558 | $1,718,576 | $1,732,428 | $1,587,428 | $1,568,429 | $1,619,445 | $1,647,463 | $1,661,244 | $1,685,914 | $1,675,743 | $1,606,713 | $1,634,470 |
| **Revenue** | | | | | | | | | | | | | | | | | | | |
| Cash Receipts | Prior Day Cash Sales | $12,937 | | | | | | | | | | | | | | | | | |
| Credit Card Receipts | 2 Days Prior Credit Sales | $78,976 | $50,000 | $25,000 | $25,000 | $60,000 | $85,000 | $50,000 | $25,000 | $25,000 | $60,000 | $85,000 | $50,000 | $25,000 | $25,000 | $60,000 | $85,000 | $50,000 | $25,000 |
| Investments | As Needed | | | | | | | | | | | | | | | | | | |
| LevelUp Payments | As Needed | | | | | | | | | | | | | | | | | | |
| EZ Catering | | | | | | | | | | | | | | | | | | | |
| KiddoCatering | | | | | | | | | | | | | | | | | | | |
| Uber | | | | | | | | | | | | | | | | | | | |
| WholeSomeFood | | | | | | | | | | | | | | | | | | | |
| CornerStone | | | | | | | | | | | | | | | | | | | |
| DoorDash | | | | | | | | | | | | | | | | | | | |
| Postmates | | | | | | | | | | | | | | | | | | | |
| GrubHub | | | | | | | | | | | | | | | | | | | |
| TapMango (Square) | | $18,947 | | | | | | | | | | | | | | | | | |
| Miscellaneous Receipts | As Needed | | | | | | | | | | | | | | | | | | |
| **Total Revenue** | | $110,860 | $50,000 | $25,000 | $25,000 | $60,000 | $85,000 | $50,000 | $25,000 | $25,000 | $60,000 | $85,000 | $50,000 | $25,000 | $25,000 | $60,000 | $85,000 | $50,000 | $25,000 |
| **A/P Checks** | | | | | | | | | | | | | | | | | | | |
| Issued | | | | | | $57,500 | | | | | $32,500 | | | | | $32,500 | | | |
| Cleared | | $295 | $325 | $- | $- | $- | $57,500 | $- | $- | $- | $- | $32,500 | $- | $- | $- | $- | $32,500 | $- | $- |
| Outstanding | | $325 | $- | $- | $- | $57,500 | $- | $- | $- | $- | $32,500 | $- | $- | $- | $- | $32,500 | $- | $- | $- |
| **Distributions** | | | | | | | | | | | | | | | | | | | |
| Payroll | | | | | | | | | | | $170,000 | | | | | | | | |
| Rent | | | | | | | $72,930 | | | | | | | | | | $116,015 | | |
| Deferred Rent | | | | | | | | | | | | | | | | | | | |
| Interest Payments | | | $21,982 | | | | | $21,982 | | | | | $21,982 | | | | | $21,982 | |
| Sysco/GFS - Current | | | | | | | | | | | $70,000 | | | | | $70,000 | | | |
| Sysco - Defer | | | | | | | | | | | | | | | | | | | |
| Coca Cola | | | | | | | | | | | | | | | | | | | |
| Sales Tax - Current | | | | $10,938 | | | | $- | $10,938 | | | | | $10,938 | | | | | |
| Sales Tax - Defer | | $4,971 | | | | $4,971 | | | | | $4,971 | | | | | $4,971 | | | |
| LevelUp Expenses | | | | | | | | | | | | | | | | | | | |
| TapMango Expenses | | | | | $2,457 | | | | | | | | | | | | | | |
| Comed | | | $1,576 | $803 | | $1,056 | $1,825 | | | $37 | | $689 | $1,484 | | | | | | $729 |
| Ameren | | | | $1,327 | | | | | | | | | | | $281 | | $412 | | |
| People's Gas/Nicor | | $321 | | $570 | | | | | | | | | | | | | | | |
| Nipsco | | | | | | | | | | | | | | | | | | | |
| Republic/Groot | | $2,552 | | | | | | | | | | | | | | | | | |
| Public Storage | | | | | | | | | | | | | | | | | | | $309 |
| World Pay Monthly CC Fees | | | | | | | | | | | | | | | | | | | $16,000 |
| ATT/Comcast | | | | | $99 | | $143 | | | $173 | | $404 | | | $329 | $171 | $133 | $261 | |
| NCR/Bank Fees | | $1,957 | | $1,048 | | | | | | | | | | | | | | | |
| GFC Leasing | | | | | | | | | | | $2,935 | | | | | | | | |
| Vonage | | | | | | | | | | | | | | | | | | | |
| Constant Contact | | | | | | | | | | | | | | | | | | | |
| Network Solutions | | | | | | | | | | | | | | | | | | | |
| Miscellaneous Expense | | | | | | | | | | | | | | | | | | | |
| ACH Withdrawals | | $4,830 | $1,576 | $3,748 | $99 | $1,056 | $1,968 | $- | $210 | $- | $4,028 | $1,484 | $- | $281 | $329 | $171 | $545 | $261 | $17,038 |
| **Total Distributions** | | $10,096 | $23,883 | $14,686 | $2,556 | $6,027 | $132,398 | $21,982 | $11,148 | $170,000 | $78,999 | $33,984 | $21,982 | $11,219 | $329 | $70,171 | $154,030 | $22,242 | $17,038 |
| **Ending Balance** | | $1,625,109 | $1,651,226 | $1,661,540 | $1,683,983 | $1,737,956 | $1,690,558 | $1,718,576 | $1,732,428 | $1,587,428 | $1,568,429 | $1,619,445 | $1,647,463 | $1,661,244 | $1,685,914 | $1,675,743 | $1,606,713 | $1,634,470 | $1,642,433 |



**Meathead Restaurant, LLC - Cash Flow Projection**

| | Source | Thursday 5/6/2021 | Friday 5/7/2021 | Monday 5/10/2021 | Tuesday 5/11/2021 | Wednesday 5/12/2021 | Thursday 5/13/2021 | Friday 5/14/2021 |
|---|---|---|---|---|---|---|---|---|
| **Beginning Daily Balance** | | $ 1,642,433 | $ 1,497,433 | $ 1,471,550 | $ 1,519,079 | $ 1,546,998 | $ 1,568,077 | $ 1,593,077 |
| **Revenue** | | | | | | | | |
| Cash Receipts | Prior Day Cash Sales | | | | | | | |
| Credit Card Receipts | 2 Days Prior Credit Sales | $ 25,000 | $ 60,000 | $ 85,000 | $ 50,000 | $ 25,000 | $ 25,000 | $ 60,000 |
| Investments | As Needed | | | | | | | |
| LevelUp Payments | As Needed | | | | | | | |
| EZ Catering | | | | | | | | |
| KiddoCatering | | | | | | | | |
| Uber | | | | | | | | |
| WholeSomeFood | | | | | | | | |
| CornerStone | | | | | | | | |
| DoorDash | | | | | | | | |
| Postmates | | | | | | | | |
| GrubHub | | | | | | | | |
| TapMango (Square) | | | | | | | | |
| Miscellaneous Receipts | As Needed | | | | | | | |
| **Total Revenue** | | $ 25,000 | $ 60,000 | $ 85,000 | $ 50,000 | $ 25,000 | $ 25,000 | $ 60,000 |
| **A/P Checks** | | | | | | | | |
| Issued | | | $ 32,500 | | | | | $ 32,500 |
| Cleared | | $ - | $ - | $ 32,500 | $ - | $ - | $ - | $ - |
| Outstanding | | $ - | $ 32,500 | $ - | $ - | $ - | $ - | $ 32,500 |
| **Distributions** | | | | | | | | |
| Payroll | | $ 170,000 | | | | | | |
| Rent | | | | | | | | |
| Deferred Rent | | | | | | | | |
| Interest Payments | | | | | $ 21,982 | | | |
| Sysco/GFS - Current | | | $ 70,000 | | | | | $ 70,000 |
| Sysco - Defer | | | | | | | | |
| Coca Cola | | | | | | | | |
| Sales Tax - Current | | | $ 13,581 | | | | | |
| Sales Tax - Defer | | | | $ 4,971 | | | | |
| LevelUp Expenses | | | | | | | | |
| TapMango Expenses | | | | | | | | $ 2,457 |
| Comed | | | | | | | | $ 1,576 |
| Ameren | | | $ 702 | | | | | |
| People's Gas/Nicor | | | | | | $ 321 | | |
| Nipsco | | | $ 1,600 | | | | | |
| Republic/Groot | | | | | | $ 2,552 | | |
| Public Storage | | | | | | | | |
| World Pay Monthly CC Fees | | | | | | | | |
| ATT/Comcast | | | | | $ 99 | | | |
| NCR/Bank Fees | | | | | | $ 1,048 | | $ 1,957 |
| GFC Leasing | | | | | | | | |
| Vonage | | | | | | | | |
| Constant Contact | | | | | | | | |
| Network Solutions | | | | | | | | |
| Miscellaneous Expense | | | | | | | | |
| ACH Withdrawals | | $ - | $ 2,302 | $ - | $ 99 | $ 3,921 | $ - | $ 3,533 |
| **Total Distributions** | | $ 170,000 | $ 85,883 | $ 37,471 | $ 22,081 | $ 3,921 | $ - | $ 75,990 |
| **Ending Balance** | | $ 1,497,433 | $ 1,471,550 | $ 1,519,079 | $ 1,546,998 | $ 1,568,077 | $ 1,593,077 | $ 1,577,086 |